UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHRISTOPHER BRADY HOWARD, | |
| Plaintiff, | No. C11-5795 RBL/KLS |
| v. | ORDER TO SHOW CAUSE |
| STATE OF WASHINGTON DEPARTMENT OF CORRECTIONS, GRANT COUNTY DEPARTMENT OF CORRECTIONS, AMANDA GREEN, KIM ALLEN, MERRESSA DAVIS, ANMARIE AYLWARD, LAURIE PETERS, MAGGIE MILLER-STOUT, and STEVEN SINCLAIR, | |
| Defendants. | |

This matter has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1), Local Rules MJR 3 and 4.  Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is pending.  The Court has reviewed Plaintiff's proposed civil rights complaint.  ECF No. 1-1.  The complaint seeks only relief in habeas.  Plaintiff has also filed a petition for writ of habeas corpus in Case No. 11-5791RJB.  For that reason, the Court declines to serve the complaint in this case.  Plaintiff shall show cause why this case should not be dismissed.  In the meantime, the Court will hold his application to proceed *in forma pauperis* (ECF No. 1) pending Plaintiff's response to this Order so that Plaintiff will not incur the $350.00 filing fee debt.

ORDER TO SHOW CAUSE- 1

**DISCUSSION**

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b)(1), (2) and 1915(e)(2); See *Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).   A complaint is legally frivolous when it lacks an arguable basis in law or fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  A complaint or portion thereof, will be dismissed for failure to state a claim upon which relief may be granted if it appears the "[f]actual allegations . . . [fail to] raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true."  *See Bell Atlantic, Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)(citations omitted).  In other words, failure to present enough facts to state a claim for relief that is plausible on the face of the complaint will subject that complaint to dismissal.  *Id*. at 1974.

To state a claim under 42 U.S.C. § 1983, a complaint must allege: (i) the conduct complained of was committed by a person acting under color of state law and (ii) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States.  *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 687 L.Ed.2d 420 (1981), *overruled on other grounds, Daniels v. Williams*, 474 U.S. 327 (1986).  Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present.  *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985).

ORDER TO SHOW CAUSE- 2

On the basis of these standards, Plaintiff has failed to state a claim upon which relief can be granted. Plaintiff purports to sue various employees of the Department of Corrections because he is being held past his release date of June 28, 2011. ECF No. 1-1, p. 3. Plaintiff alleges that as a result of his unlawful and continued detention, he has been forced to withdraw from a vocational program thus extending the time in which he can become retrained and re-employed. He alleges that he has missed the birth of his child and is suffering physical, emotional and financial burdens. *Id.*

When a person confined by government is challenging the very fact or duration of his physical imprisonment, and the relief he seeks will determine that he is or was entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). In order to recover damages for an alleged unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

In addition, prisoners in state custody who wish to challenge the length of their confinement in federal court by a petition for writ of habeas corpus are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every issue they seek to raise in federal court. *See* 28 U.S.C. § 2254(b)(c); *Granberry v. Greer*, 481

ORDER TO SHOW CAUSE- 3

U.S. 129, 134 (1987); *Rose v. Lundy*, 455 U.S. 509 (1982); *McNeeley v. Arave*, 842 F.2d 230, 231 (9th Cir. 1988).

State remedies must be exhausted except in unusual circumstances. *Granberry*, *supra*, at 134. If state remedies have not been exhausted, the district court must dismiss the petition. *Rose, supra*, at 510; *Guizar v. Estelle*, 843 F.2d 371, 372 (9th Cir. 1988). As a dismissal solely for failure to exhaust is not a dismissal on the merits, *Howard v. Lewis*, 905 F.2d 1318, 1322-23 (9th Cir. 1990), it is not a bar to returning to federal court after state remedies have been exhausted.

Because Plaintiff seeks an earlier release from confinement and damages relating to his continued confinement, his action is not cognizable under 42 U.S.C. § 1983 and the proper course of action to challenge his incarceration is through a habeas corpus petition, which he must first file in state court. In fact, simultaneous with the filing of this action, Plaintiff filed a petition for writ of habeas corpus in this Court. *See, Howard v. Washington Department of Corrections and Lang,* Case No. 11-5791 RJB/KLS. Plaintiff has been granted leave to proceed *in forma pauperis* in that case and the Court has directed that his habeas petition be served.

In this case, Plaintiff is **ORDERED** to show cause why the Court should not deny his application to proceed *in forma pauperis* and dismiss this case as frivolous. Plaintiff must file a response with this Court on or before **November 18, 2011.** If he fails to do so, the Court will recommend dismissal of this action as frivolous pursuant to 28 U.S.C. § 1915 and the dismissal will count as a "strike" under 28 U.S.C. § 1915(g). Pursuant to 28 U.S.C. § 1915(g), enacted April 26, 1996, a prisoner who brings three or more civil actions or appeals which are dismissed on grounds they are legally frivolous, malicious, or fail to state a claim, will be precluded from

ORDER TO SHOW CAUSE- 4

1   bringing any other civil action or appeal in forma pauperis "unless the prisoner is under

2   imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

3

4          **DATED** this  21st  day of October, 2011.

5

6                                              Karen L. Strombom
                                               United States Magistrate Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER TO SHOW CAUSE- 5