# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

CHRISTOPHER BRADY HOWARD,

                Plaintiff,

v.

STATE OF WASHINGTON DEPARTMENT OF CORRECTIONS, GRANT COUNTY DEPARTMENT OF CORRECTIONS, AMANDA GREEN, KIM ALLEN, MERRESSA DAVIS, ANMARIE AYLWARD, LAURIE PETERS, MAGGIE MILLER-STOUT, and STEVEN SINCLAIR,

                Defendants.

No. C11-5795 RBL/KLS

**REPORT AND RECOMMENDATION**
**Noted For: December 23, 2011**

This matter has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1), Local Rules MJR 3 and 4. Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is pending. The Court reviewed Plaintiff's proposed civil rights complaint and determined that the complaint seeks relief in habeas. ECF No. 1-1. Plaintiff has also filed a petition for writ of habeas corpus in Case No. 11-5791RJB.[1] For that reason, the Court declined to serve the complaint in this case and asked Plaintiff to show cause why this case should not be dismissed. In the meantime, the Court held his application to proceed *in forma pauperis* (ECF No. 1) pending Plaintiff's response so that Plaintiff would not incur the $350.00

---

[1] Case No. 11-5791 has since been transferred to the Eastern District of Washington pursuant to 28 U.S.C. § 2241(d), as the Eastern District of Washington is both the district of Plaintiff's confinement and the district of his state court conviction.

REPORT AND RECOMMENDATION - 1

filing fee debt. Plaintiff filed an affidavit and exhibits. ECF Nos. 11 and 12. The filings only confirm that Plaintiff seeks relief in habeas and that therefore, this complaint should be dismissed.

## DISCUSSION

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b)(1), (2) and 1915(e)(2); See *Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998). A complaint is legally frivolous when it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). A complaint or portion thereof, will be dismissed for failure to state a claim upon which relief may be granted if it appears the "[f]actual allegations . . . [fail to] raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." *See Bell Atlantic, Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)(citations omitted). In other words, failure to present enough facts to state a claim for relief that is plausible on the face of the complaint will subject that complaint to dismissal. *Id*. at 1974.

To state a claim under 42 U.S.C. § 1983, a complaint must allege: (i) the conduct complained of was committed by a person acting under color of state law and (ii) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 687 L.Ed.2d 420 (1981),

REPORT AND RECOMMENDATION - 2

*overruled on other grounds, Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985).

On the basis of these standards, Plaintiff has failed to state a claim upon which relief can be granted. Plaintiff purports to sue various employees of the Department of Corrections because he is being held past his release date of June 28, 2011. ECF No. 1-1, p. 3. Plaintiff alleges that as a result of his unlawful and continued detention, he has been forced to withdraw from a vocational program thus extending the time in which he can become retrained and reemployed. He alleges that he has missed the birth of his child and is suffering physical, emotional and financial burdens. *Id.*

In his Affidavit filed on October 7, 2011, Plaintiff states that he recently filed a personal restraint petition in Washington state court in July and a motion in Superior Court asking his sentencing court to amend his judgment and sentence. He also filed a tort claim against the State of Washington and acknowledges that he filed the petition for writ of habeas corpus in Case No. C11-5791 RJB/KLS. ECF No. 11 at 2.

When a person confined by government is challenging the very fact or duration of his physical imprisonment, and the relief he seeks will determine that he is or was entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). In order to recover damages for an alleged unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into

REPORT AND RECOMMENDATION - 3

question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

In addition, prisoners in state custody who wish to challenge the length of their confinement in federal court by a petition for writ of habeas corpus are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every issue they seek to raise in federal court. *See* 28 U.S.C. § 2254(b)(c); *Granberry v. Greer*, 481 U.S. 129, 134 (1987); *Rose v. Lundy*, 455 U.S. 509 (1982); *McNeeley v. Arave*, 842 F.2d 230, 231 (9th Cir. 1988). State remedies must be exhausted except in unusual circumstances. *Granberry*, *supra*, at 134. If state remedies have not been exhausted, the district court must dismiss the petition. *Rose, supra*, at 510; *Guizar v. Estelle*, 843 F.2d 371, 372 (9th Cir. 1988). As a dismissal solely for failure to exhaust is not a dismissal on the merits, *Howard v. Lewis*, 905 F.2d 1318, 1322-23 (9th Cir. 1990), it is not a bar to returning to federal court after state remedies have been exhausted.

## CONCLUSION

Because Plaintiff seeks an earlier release from confinement and damages relating to his continued confinement, his action is not cognizable under 42 U.S.C. § 1983. His proper course of action is to challenge his incarceration through a personal restraint petition in state court. As his pleadings reflect, Plaintiff is already pursuing his state court remedies and he has already filed a federal habeas petition. *See, Howard v. Washington Department of Corrections and Lang,* Case No. 11-5791 RJB/KLS. Accordingly, it is recommended that Plaintiff's complaint be dismissed for failure to state a cognizable claim under 42 U.S.C. § 1983 and that his application to proceed *informa pauperis* (ECF No. 1) be **DENIED.**

REPORT AND RECOMMENDATION - 4

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **December 23, 2011**, as noted in the caption.

**DATED** this  30th  day of November, 2011.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 5